Aaron W. Baker, OSB #922220
BAKER LAW PC
650 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204
Telephone: 503/ 234-8800
Facsimile: 503/ 525-0650
aaron@awbakerlaw.com

Of Attorneys for Plaintiff

## IN THE UNTIED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

**JAMES DIXON**,

                    Plaintiff,

            v.

**STEELER, INC.,**

                    Defendant.

Case No. 3:16-cv-2280

COMPLAINT

(42 U.S.C.  §1981; ORS 659A.030; ORS 659A.199)

**DEMAND FOR JURY TRIAL**

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and

attorney fees to redress injuries done to him by Steeler, Inc. ("Steeler" or "Defendant") or

officers, employees or agents of said Defendant in violation of his federally protected rights in

violation of 42 U.S.C.  §1981, and his state protected rights in violation of Oregon Revised

Statute 659A.030 and 659A.199, and common law.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

**General Factual Allegations**

3.

Defendant was and is at all times herein mentioned a foreign corporation and is and was at all times herein mentioned doing business in Portland, Oregon.

4.

Plaintiff is African-American.

5.

Plaintiff began working for Defendant on or about June 1, 2015 in the position of Yard Specialist.  He was hired at $13.00 per hour along other benefits including health insurance and 401K.

6.

At all material times herein, Plaintiff interacted with and was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of employees, supervisors and management for Defendant.

7.

Defendant, primarily through Brandon Griswold, discriminated against Plaintiff based upon his race and color by interfering with the terms and conditions of his employment, including but not limited to the following actions:

      a.      Yelling at Plaintiff;

      b.      Grabbing Plaintiff;

      c.      Pushing and/or pulling Plaintiff;

      d.      Calling Plaintiff a "black bastard";

      e.      Cursing at Plaintiff;

      f.      Accusing Plaintiff of being threatening;

      g.      Singling Plaintiff out for discipline;

      h.      Terminating Plaintiff.

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, race and color discrimination which interfered with the terms and conditions of Plaintiff's employment.

9.

Defendant's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment. Defendant knew or should have known of the discriminatory environment and failed to take prompt remedial action.

10.

Defendant retaliated and discriminated against Plaintiff due to complaints of race and color discrimination.

11.

On or about December 8, 2016 Plaintiff was yelled at, grabbed, and pulled and/or pushed by Griswold. Plaintiff complained to Griswold about his actions and Plaintiff made a complaint to the Human Resources department.  Plaintiff was fired the next day.

**First Claim For Relief**

**ORS 659A.030 -Discrimination**

12.

Plaintiff realleges paragraphs 1 through 11.

13.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to Plaintiff's termination, on the basis of race and color in violation of ORS 659A.030.

14.

As a result of the discrimination and being discharged by Defendant Plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Reinstatement of Plaintiff is not feasible and Plaintiff will continue to have lost income and benefits into the future.

15.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885

16.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

17.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's and others' state protected rights.  Defendant should be assessed punitive damages in an amount to be determined at trial.

**Second Claim For Relief**

**42 U.S.C.  §1981 - Discrimination**

18.

Plaintiff realleges paragraphs 1 through 17.

19.

Defendant discriminated against Plaintiff in the terms and conditions of employment, including but not limited to Plaintiff's discharge, on the basis of his race in violation of 42 U.S.C. §1981.

///

///

20.

As a result of the discrimination and being discharged by Defendant, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Reinstatement of Plaintiff is not feasible and Plaintiff will continue to have lost income and benefits into the future.

21.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. §1988.

22.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

23.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's and others' state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

**Third Claim For Relief**

**ORS 659A.030 – Hostile Work Environment**

24.

Plaintiff realleges paragraphs 1 through 23.

///

///

25.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with plaintiff's work performance, and otherwise adversely affected his employment opportunities.

26.

Defendant's creation of, and/or failure to prevent, the hostile work environment based on race and color constitutes unlawful harassment in violation of ORS 659A.030.

**Fourth Claim For Relief**

**42 U.S.C.  §1981 – Hostile Work Environment**

27.

Plaintiff realleges paragraphs 1 through 26.

28.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with plaintiff's work performance, and otherwise adversely affected his employment opportunities.

29.

Defendant's creation of, and/or failure to prevent, the hostile work environment for plaintiff constitutes unlawful racial harassment in violation of 42 U.S.C.  §1981.

**Fifth Claim For Relief**

**ORS 659A.030 – Retaliation**

30.

Plaintiff realleges paragraphs 1 through 29.

31.

Defendant discriminated against plaintiff in the terms and conditions of his

employment in substantial motivating part due to plaintiff's good faith opposition to unlawful

employment practices which violated ORS 659A.030 including but not limited to

discrimination and harassment based upon race and color.

32.

Defendant's discipline and constructive discharge of plaintiff was motivated in

substantial part due to his opposition to unlawful employment practices which violated ORS

659A.030.

**Sixth Claim For Relief**

**42 U.S.C.  §1981 – Retaliation**

33.

Plaintiff realleges paragraphs 1 through 32.

34.

Defendant discriminated against plaintiff in the terms and conditions of his

employment in substantial motivating part due to plaintiff's good faith opposition to unlawful

employment practices which violated 42 U.S.C. §1981.

35.

Defendant's discipline and constructive discharge of plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. §1981.

**Seventh Claim For Relief**

**ORS 659A.199 – Discrimination**

36.

Plaintiff realleges paragraphs 1 through 35.

37.

During Plaintiff's employment Plaintiff in good faith reported information to Defendant that Plaintiff believed was evidence of a violation of a state or federal law, rule or regulation.

38.

Defendant retaliated against Plaintiff for his complaints.

39.

As a result of Defendant's actions, Plaintiff has incurred economic damage to be proven at trial.

///

///

40.

Defendant's conduct caused Plaintiff mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss to be determined at trial.

41.

Defendant's acts are such an intentional or wanton disregard of the societal interest to prohibit wrongful discharge and done with deliberate disregard of Plaintiff's rights and public interest that Defendant should be assessed punitive damages.

PLAINTIFF DEMANDS A JURY TRIAL

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any harassment or discrimination based on race or color or for retaliating against any employee opposing unlawful employment practices;

2.    Economic damages and future losses to be determined at trial;

3.    Non-economic damages to be determined at trial;

4.    Punitive damages in an amount to be determined at trial;

5.    Reasonable costs and attorney fees;

///

///

///

Page 10 – COMPLAINT

6.      For such other and further relief as the Court may deem just and equitable.


        DATED this 6th day of December, 2016.

                                        BAKER LAW PC


                                        /s/ Aaron W. Baker
                                        Aaron W. Baker, OSB No. 922220
                                        Of Attorneys for Plaintiff